## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**IN RE:** )
)
)
)                    **CASE NO.** 15-80117-C
)                    **Chapter 13**
)
)
)
)
)
**Debtor(s).**          )

## CHAPTER 13 PLAN

**NOTICE TO CREDITORS: YOU SHOULD READ THIS PLAN. EACH PARAGRAPH CONTAINS INFORMATION AND TERMS WHICH MAY AFFECT YOUR RIGHTS, INCLUDING YOUR RIGHT TO PAYMENT OF YOUR CLAIM AND RETENTION OF YOUR LIEN RIGHTS OR SECURITY INTEREST. FAILURE TO OBJECT TO CONFIRMATION OF THIS PLAN OR FAILURE TO TIMELY FILE A PROOF OF CLAIM MAY RESULT IN THE LOSS OF YOUR SECURITY INTEREST OR RIGHT TO PAYMENT. YOU SHOULD CONSULT AN ATTORNEY FOR LEGAL ADVICE.**

**SECTION 1: DEFINITIONS.** All definitions as used in the Code, F.R.B.P., F.R.C.P. and the L.R.B.P. shall be applicable to this plan. To the extent that this plan provides a more specific definition then the definition contained in the plan shall be controlling.

- A. Trustee is William Mark Bonney, Standing Chapter 13 Trustee for the Eastern District of Oklahoma, or his successor and Office of the Trustee is the entity which the Trustee operates to fulfill his duties. The terms may be used interchangeably.
- B. Code or Bankruptcy Code shall mean 11 U.S.C. §101 et seq.
- C. Plan Term shall be the number of months of the plan duration from the Beginning Month.
- D. Plan Payments shall mean the monies to be paid by the Debtor(s) to the Office of the Trustee.
- E. Distributions shall be the monies to be paid by the Office of the Trustee to creditors.
- F. Direct Payments shall be the monies to be paid by the Debtor(s) to creditors.
- G. Distribution Date shall mean the date upon which the Office of the Trustee makes disbursements.
- H. Continuing Payment shall mean the regular monthly payment due on long term debt.
- I. Start Date is the date the Voluntary Petition is filed under Chapter 13 if the case is originally filed under Chapter 13 or the date the case is converted to Chapter 13 if the case is originally filed under any chapter other than Chapter 13.
- J. Start Payment Date is the date that is thirty (30) days after the Start Date except where the such date would be the 29th, 30th or 31st of the month then the Start Payment date shall be the 5th day of the month that is more than thirty (30) days after the Start Date.

1

K. Beginning Month is the first month after the Start Payment Date and Ending Month is the month that is the number of months equal to the plan term after the Beginning Month.

L. Final Plan Payment is the payment from the Debtor(s) that provides sufficient funds, together with all prior plan payments less any Debtor Refunds, to permit the Trustee to fully pay the allowed Class I, II, III, IV.A., IV.B., V and VI claims and to pay to allowed Class IV.C. claims the amounts required under the provisions of said Class IV.C.

M. Completion Date is the date the Trustee makes the final disbursement from the Debtor(s)' Final Plan Payment.

N. Feasibility shall mean that the plan payments are sufficient to make all distributions provided for by the Plan together with a Trustee Fee calculated at ten percent.

O. Form 22C shall be the Official Bankruptcy Form 22C as in effect on the date the Voluntary Petition is filed, which calculates Current Monthly Income.

P. Line 59 is the Line 59 to the Official Bankruptcy Form 22C in effect on January 1, 2010, or the similar line of the Form 22C defined above.

Q. Chapter 7 Liquidation Amount is the amount which is required to be paid to allowed non-priority unsecured claims under 11 U.S.C §1325(a)(4).

R. Disposable Income to Unsecured Creditors Amount is the amount that is required to be paid to non-priority unsecured creditors pursuant to 11 U.S.C. §1325(b)(1)(B). For Debtor(s) whose Applicable Commitment Period is five years, this amount shall be determined by multiplying the amount on Line 59 of Form 22C by 60. In determining this amount the Debtor(s) shall be permitted to deduct the approved attorney fees for Debtor(s)' Counsel as a priority debt. For Debtor(s) whose Applicable Commitment Period is three years this amount shall be determined by subtracting from the Current Monthly Income, the amounts in 11 U.S.C. §1325(b)(2) as disclosed on Schedules I and J and multiplying the result by 36.

S. Lanning Amount to Unsecured Creditors shall be the amount that is required to be paid to non-priority unsecured creditors pursuant to the case of In Re Lanning, 560 U.S. ___, 130 S.Ct. 2464 (2010). It shall generally be determined by taking the anticipated future monthly income as reflected on Schedule I and deducting the actual reasonable and necessary expenses as reflected on Schedule J multiplied by the Plan Term.

T. Non-Exempt Property is all property of the Debtor and of the Estate for which the Debtor would not be permitted to exempt if a timely objection to exemption were filed regardless of whether any such objection to exemption is actually filed.

U. Payment Address is the address designated for receipt of distributions by a creditor in an allowed claim or in a request for administrative expense. In the absence of any designation by a creditor in an allowed claim or Request for Payment of Administrative Expense, the payment address shall be the address listed on the Court's Claims Register.

V. Plan is the Chapter 13 Plan and any Amended or Modified Plan.

W. Summary of Plan is the one page summary that provides all of the plan payment, direct payment and distribution information.

X. Allowed Claims. The following definitions shall apply where no Objection to Claim or Motion to Disallow is filed. Where an Objection to Claim or Motion to Disallow are filed the Allowed Claim Amount shall be the amount allowed pursuant to order of the Court. The Court may completely disallow any secured or unsecured claim that is tardily filed.

Case 15-80117    Doc 5    Filed 02/18/15    Entered 02/18/15 13:52:45    Desc Main
Document      Page 2 of 17

a. Except where the Court enters an order pursuant to 11 U.S.C. §§506 or 522, the Allowed Class I.A., I.B. or I.C. Secured Claim shall be the lesser of the amount claimed secured by any creditor in its timely filed proof of claim or the amount provided for a Class I.A. Secured Claim in the Summary of Plan. The Court may disallow that portion of any Class I.A. Secured Claim filed after confirmation in excess of the amount provided for in the Summary of Plan.

b. The Allowed Class II.A. Continuing Payment Amount shall be amount claimed by the creditor in its timely filed claim. If the creditor fails to file a claim timely then the Allowed Class II.A. Continuing Payment Amount shall be the lesser of the amount provided for by the Summary of Plan or the amount requested in the Proof of Claim from the Beginning Month until the first payment due in the month following the month the claim is filed at which time the Allowed Class II.A. Continuing Payment Amount shall be the amount claimed by the creditor. The Allowed Class II.A. Continuing Payment Amount may only change prospectively based upon a Notice of Mortgage Payment Change or Amended Claim.

c. The Allowed Class II.B. Pre-Petition Arrearage Claim shall be the amount claimed by the creditor in a timely filed claim.

d. The Initial Post-Petition Arrearage Amount is the total continuing monthly payments that come due in the amounts allowed pursuant to Section 1, Paragraph X, Sub-paragraph b above from the date the petition is filed through the month prior to the Beginning Month for payment of Allowed Class II.A. Claims as set forth in the Summary of Plan.

e. The Allowed Class II.B. Post-Petition Arrearage Amount is the amount in subparagraph d. above or the amount claimed by the creditor in any Amended Claim or Notice of Post-petition Mortgage Fees, Expenses and Charges

f. The Allowed Class III Claim shall be the lesser of the amount claimed by the creditor in its timely filed claim or the amount set forth in the Summary of Plan. The Court may disallow that portion of any Class III Claim filed after confirmation in excess of the amount provided for in the Summary of Plan.

g. The Allowed Class IV.B. Priority Claim shall be the amount claimed by the creditor in its timely filed claim.

h. The Allowed Class IV.C. Non-Priority Unsecured Claim shall be the amount claimed by the creditor in its timely filed claim.

i. The Allowed Class V Claim shall be the amount claimed by such creditor in its timely filed claim. A Class V claim allowed pursuant to 11 U.S.C. §1305 shall be timely filed if it is filed within six months of the date it is incurred or if it is filed prior to confirmation of a modified plan that provides specifically for its payment. For claims for taxes of governmental units debt is incurred when the tax return is filed and not when the assessment is made.

j. The Allowed Class VI claim shall be the amount claimed by the creditor in its timely filed claim. Where a creditor asserts that its claim should be a Class VI claim but the Summary of Plan provides for such claim a class other than Class VI then the claim will be allowed consistent with the provisions of the Class for which the claim was provided to be paid in the Summary of Plan.

3

**SECTION 2: PLAN TERM, PAYMENTS, COMMITMENT PERIOD, CONSOLIDATION and PROPERTY OF THE ESTATE.**
**11 U.S.C. §§302(b), 1322(a)(1) and (d), 1325(a)(4), (b)(1)(B) and (b)(4) and 1326(a)(1).**

    **A. Plan Term and Payment:** The plan term and payments are set forth in the Summary of Plan. The Summary of Plan sets forth the monthly distributions by month number and month one (1) is the Beginning Month. The Debtor(s) shall fully pay their first plan payment by the Start Payment Date and shall make payments on or before said date in each subsequent month of the plan. The plan payments are set forth in the Summary of Plan. Should the Debtor(s) receive permission from the Court to sell any property, the Debtor(s) shall turn over to the Trustee the non-exempt portion of the proceeds and any such funds shall be applied to the plan payments but such proceeds may be distributed to Class IV claims rather than to other classes of claims. The plan shall be complete and the Debtor(s) may request a discharge upon filing by the Trustee of a Notice of Completion of Plan Payments. The Trustee shall file the Notice of Completion of Plan Payments as soon as practicable after the Completion Date. Plan payments shall cease upon filing of the Notice of Completion of Plan Payments by the Trustee unless the Trustee withdraws the Notice of Completion of Plan Payments.

    **B. Additional Plan Payments for Class IV Claims:** The Debtor(s) shall make additional plan payments which payments shall increase the amount distributed to Allowed Class IV Claims by the total of the additional plan payments required under this Paragraph B less the actual Trustee fees calculated on such additional payments.

        **a. Payments based upon value of property non-scheduled or acquired post-petition.** If the Debtor(s) fail to schedule any non-exempt property or if, during the Plan Term, the Debtor(s) acquire any non-exempt property including, but not limited to, prizes or the proceeds of any exempt property, then the Debtor(s) shall make additional plan payments equal to the total of the value of the non-exempt property (or proceeds of exempt property) as of the petition date or, for non-exempt property received after the petition date, the date the Debtor(s) acquire rights in the property. Provided however, where the value of property is less than $1500.00 the Debtor(s) shall not be required to make such additional plan payments.

        **b. Tax Refunds.** The Debtor(s) are required to provide the Trustee with their tax returns each year. The Debtor(s) may not spend any tax refund at any time until after the Trustee has provided notice to the Debtor(s) that the Trustee will not seek turnover of all or part of the tax refunds. If the Trustee requests turnover of any tax refunds then the Debtor(s) shall within seven (7) days turn over the amount requested to the Trustee. If the Debtor(s) object to the additional plan payments based upon the tax refunds the Debtor(s) shall notify the Trustee on or before the time they turn over the refunds and the Trustee will hold the refunds pending resolution by the Court.

    **C. Additional Plan Payments based upon required distributions to Allowed Claims in excess of the amounts specifically provided for in the Summary of Plan.** If a claim is

4

filed and allowed and payment on such claim as provided by this plan would cause the total distributions and Trustee Fees thereon (calculated at 10%) to exceed the total plan payments to be received by the Debtor(s), then in addition to any Additional Plan Payments provided for in Paragraph B. of Section 2, the Debtor(s) shall make sufficient additional plan payments so that the plan is feasible.

**D. Procedure for Notice of Additional Plan Payments.** The Trustee shall file with the Court a Notice of Changed Plan Payments to advise the parties of additional plan payments which may be required by Section 2, Paragraph B or C above. If the Debtor(s) dispute the amount of the additional plan payments then the Debtor(s) must object within fourteen (14) days of filing of the Notice by the Trustee. If no such objection is made then all parties may rely upon the Notice of Changed Plan Payments. If an objection is made then the parties may agree on a different amount and the Trustee shall file an Amended Notice of Payment Change or, if no agreement can be reached, then the Trustee shall withdraw the Notice and may file a Modified Plan to increase the plan payments.

**E. Modification of Plan:** The Debtor(s) may file a Post-Confirmation Modified Plan at any time. The Trustee or the holder of an unsecured claim may file a Post-Confirmation Modified Plan at any time prior to the Final Payment Date.

**F. Confirmation of Plan Determines Eligibility and Satisfaction of 11 U.S.C. §§109, 521(a)(1), (e)(2) and 1308(a).** Confirmation of the Plan constitutes findings that: 1) the Debtor(s) are eligible to file Chapter 13; 2) the case was not automatically dismissed pursuant to 11 U.S.C. §521(i); and, 3) the Debtor(s) complied with 11 U.S.C. §1308(a).

**G. Conversion and Dismissal.** The Debtor(s) may not convert their case to Chapter 13 after the case has been converted to another chapter pursuant to 11 U.S.C. §1307.

**H. Consolidation of Estates in a Joint Case:** If this case is a joint case then confirmation of the plan shall operate to consolidate the estates under 11 U.S.C. §302(b).

**I. Effect of Consolidation or of De-consolidation:** Where estates are consolidated by the filing of a Joint Case the non-priority unsecured creditors shall share pro-rata in the distribution to Class IV.C. claims without regard to whether either or both debtors may be liable for the debt underlying such claim. Where the estates are de-consolidated pursuant to order of the Court, only the claims against the Debtor which retains this case number shall thereafter receive a distribution in this case. Creditors holding claims against the Debtor which is assigned a new case number shall receive distributions, if any, in that case.

## SECTION 3. PROVISIONS GOVERNING COLLECTION, CLAIMS, ALLOWANCE OF CLAIMS, AMENDMENTS TO CLAIMS, NOTICE OF PAYMENT CHANGE, DISCHARGE OF DEBT, WAIVER, ESTOPPEL, LACHES and ISSUE PRECLUSION.

**A.** All debts and claims are provided for by the Plan. The Plan does not alter the terms of any agreement described in 11 U.S.C. §362(b)(19) and any such amounts required to be paid by the Debtor(s) shall continue to be paid as provided by such agreement.

5

**B.** The provisions of this Plan, upon confirmation, bind each creditor whether or not such creditor has objected to, has accepted, or has rejected the plan. Confirmation of the Plan or any Order respecting a creditor's secured or unsecured claim shall not prohibit the Debtor(s) or the Trustee from filing any action against said creditor as set forth in Paragraph L below. The Plan does not provide for treatment to any creditor that is contrary to law as of the date of confirmation. The Plan does provide for treatment to creditors that may be consistent with any majority or minority view of unsettled law. It is the intention of this plan to resolve any such issue through confirmation of this plan.

**C. TEMPORARY RESTRAINING ORDER/INJUNCTION.** Holders of a pre-petition arrearage owed for a domestic support obligation may not take any action to collect said arrearage except through filing a proof of claim and/or receiving direct payments or distributions.

**D.** The automatic stay shall apply as provided for in 11 U.S.C. §362 and creditors are prohibited from taking any action to collect their debts from the Debtor(s), the Debtor(s)' property or property of the estate until such time as the case is closed or the creditor obtains relief from the stay.

**E.** Creditors who are not scheduled and/or do not receive effective notice in time to file a claim within the time limits of F.R.B.P. 3002(c) may file a claim and such claim will be deemed allowed if the claim complies with this paragraph. Tardily filed claims may be disallowed in whole or in part. If a creditor asserts that the claim is tardily filed as a result of not receiving proper notice of the bankruptcy as required by 11 U.S.C. §342 then Creditors filing such claims after the claims bar date must attach a statement to their proof of claim setting forth 1) the address to which notice was provided by the Debtor and/or the Court; 2) the address which, if used, would have provided effective notice; and, 3) the date notice was brought to the attention of the creditor.

**F.** Creditors who do not file claims may not take any act to collect its debt against property of the estate, property of the Debtor(s) or income used to fund the plan payments after effective notice of the bankruptcy until such time as the case is closed or dismissed.

**G.** Tardily filed claims are deemed allowed but the Trustee shall make no distribution based upon such tardily filed claim until the Court enters an order, upon filing of an Objection to the claim by a party in interest, allowing or disallowing the claim. The Court may consider any claim and whether to allow or disallow said claim in whole or in part upon filing of a proper pleading by the Debtor(s) or the Trustee at any time prior to closing the case. An objection to a claim or an Adversary Proceeding to determine the validity, extent or priority of any lien may be brought at any time and the Debtor shall be permitted to reopen this case after this case has been closed to file said Objection or Adversary Proceeding. The provisions of this plan shall be binding upon any creditor in any hearing on a Modified Plan or in any Adversary Proceeding filed after the Plan is confirmed.

**H.** The provisions of contract(s) with creditors are incorporated except that any Arbitration provision is void and unenforceable and any provision of this Plan, including paragraph I,

supersede any provision of any contract to the extent the Plan is inconsistent with the contract.

**I.** If any party is required to enforce the provisions of this Plan against any creditor and if said party is successful in obtaining enforcement of the any plan provision then said party shall be entitled to a reasonable attorney's fee and all costs of the action.

**J.** Upon dismissal or conversion to Chapter 7 the pre-petition repayment terms are reinstated. Upon entry of an order for relief from the stay the pre-petition repayment terms are re-instated as to the debt which was the subject of the Order for relief.

**K.** All notices may be sent to the address of the creditor as shown on the then current Court matrix or to the attorney for the creditor.

**L.** The Trustee may initiate, intervene in or otherwise participate in any cause of action that is property of the estate or affects property of the estate. For any cause of action involving any entity that has filed a claim the proceeding may be brought at any time that an objection to such claim could be brought. Confirmation of the plan does not preclude (whether through principles of *res judicata,* issue preclusion or otherwise) the Debtor or Trustee from bringing a cause of action under Title 11 against any creditor at any time within the applicable statute of limitations.

**M.** The Debtor(s) and each of them authorize the Office of the Trustee to communicate with any creditor regarding any issue related to their debts, whether such issue arose prior to the filing of the bankruptcy case or after. Creditors MUST communicate with the Office of the Trustee and provide all of the information that the creditor would provide to a Debtor until this case is closed by the Court. The Creditor must at all times communicate with the Trustee's office regarding any bankruptcy payments made by the Trustee or respecting any case related issue.

**N.** The Debtor(s) shall be deemed to have opted out of any class action lawsuit without further notice or compliance with the procedure set forth by the Class Action Court unless relief is first obtained from this Court. Provided, however, only as respects any scheduled property which vests in the Debtor(s), if the Debtor(s) accept the benefits of class action settlement then they shall be bound by such settlement.

**O.** Nothing contained herein shall be construed to provide rights of collection against a Debtor in excess of the rights such creditor held against such Debtor pre-petition.

**P.** Creditors waive the right to payment of any amounts disallowed by the Court and shall credit the debtors account for the amount disallowed upon entry of the order disallowing all or part of a claim.

**Q.** For all debts that are subject to the discharge entered in this case, the Creditors waive the right to payment of any amount by which the claim exceeds the allowed amount of such claim as defined in Section 1, Paragraph X and the remaining balance, if any, on such debt shall be discharged and the creditor shall release the lien on any collateral upon the

7

Case 15-80117   Doc 5   Filed 02/18/15   Entered 02/18/15 13:52:45   Desc Main
Document      Page 7 of 17

earliest of the full payment of the debt or thirty (30) days after the filing of the Notice of Completion of Plan Payments.

**R.** Except as provided for in any order entered prior to or contemporaneously with the Order Confirming Plan, for any debt that is excepted from the discharge pursuant to 11 U.S.C. § 1328(a)(1), the creditor shall, upon filing of the Notice of Completion of Plan Payments fully reinstate such debt as of the payment due date which occurs in the Ending Month, all defaults which may have occurred prior to the Ending Month shall be deemed cured, and the principle balance due as of the payment due date in the Ending Month under the original amortization schedule shall be the amount remaining due by the Debtor(s) as of such date and the creditor shall have no right to declare a default based upon an event occurring before the payment due date in the Ending Month, including but not limited to, failure of the creditor to receive a payment, failure of the creditor to receive a payment by the due date or failure to receive the amount due the creditor. To effect this provision, waiver, estoppel, laches and/or issue preclusion shall apply to the creditor such that the Debtor(s) shall have the same rights as the Debtor(s) would have if a State Court had entered Summary Judgment in favor of the Debtor(s) on the payment due date occurring in the Ending Month finding that all defaults are cured, the loan is fully reinstated and any amounts which might have been contractually due in excess of the payoff amount as of the payment due date occurring in the Ending Month were waived.

**S.** A Creditor which holds a Class II.A. Continuing Debt Claim must comply with F.R.C.P. 3001 and 3002. Any claim for attorney fees related to this bankruptcy case in excess of $350 must be separately stated and disclosures provided consistent with the disclosure required of an entity that seeks compensation from the estate pursuant to F.R.B.P. 2016. The provisions of this paragraph and paragraph R above shall apply to any post-petition obligation of the Debtor(s), any Co-Obligor and/or the Estate such that any default which could have been declared by the creditor under applicable non-bankruptcy law prior to the payment due date occurring in the Ending Month shall be cured as of such date.

**T.** Where a creditor is entitled to payment and files a Notice of Mortgage Payment Change or a Notice of Post-petition Fees, Expenses and Charges within twenty-eight (28) days of the filing of the Notice of Completion, the Trustee may withdraw the Notice of Completion of Plan Payments and the Plan may be Modified (or the Trustee may file a Notice pursuant to Section 2, Paragraph D) to provide for payment of the amounts due said creditor. The Trustee may withdraw more than one Notice of Completion of Plan Payments and the plan may be modified more than once (or more than one Notice may be filed by the Trustee) pursuant to the paragraph.

**U.** Unless the Summary of Plan specifically provides that the Debtor(s) shall make payments directly to a creditor, no creditor may accept payments from the Debtor(s), from insurance proceeds or from non-obligor third parties. Creditors may accept payments from non-debtor co-obligors or from the sale of collateral where such sale is approved by the Court. As respects any claim provided to be paid by the Trustee, the creditor shall report to the Trustee any payments or adjustments to the debt which do not result from a

Case 15-80117    Doc 5    Filed 02/18/15    Entered 02/18/15 13:52:45    Desc Main
                        Document        Page 8 of 17

distribution by the Trustee. Where the plan has been confirmed and provides for payments on a claim to be made by an entity other than the Trustee the plan may not thereafter be Modified to provide for payments to be made on such claim by the Trustee.

**V.** A Creditor may not send any funds, overpayment or refund due to the Debtor(s) but must send any funds, refund or overpayment to the Trustee.

**W.** Claims filed by creditors shall be signed by an authorized agent or employee and shall contain a phone number which phone number shall permit the caller reasonable access to the person whose signature appears on the claim or to a representative who has knowledge of the claim and of the debt.

## SECTION 4. PROVISIONS GOVERNING PROPERTY OF THE ESTATE, VESTING, and POST-PETITION ACTS OF THE DEBTOR(S):

**A.** All fully and partially non-exempt property, as defined above, which has been scheduled by the Debtor(s) and proposed in the plan to be retained by the Debtor(s) shall remain in the possession and control of the Debtor(s) upon confirmation but shall remain property of the estate. All property of the estate under 11 U.S.C. §1306 shall remain property of the estate until abandoned by Order of the Court. The proceeds from the sale of any exempt property shall become property of the estate under 11 U.S.C. §1306. All property proposed to be surrendered shall remain property of the estate until abandoned by the Trustee or Order of the Court. In no event shall the Trustee have a duty to insure or protect any property and shall have no obligations to any third parties. The Debtor(s) shall have exclusive control of property of the estate and of property vested in the Debtor(s). Property not scheduled shall remain property of the estate until abandoned by the Trustee and a case may be reopened to administer such property if there would be a benefit to unsecured creditors.

**B.** Property of the estate under 11 U.S.C. §348(f)(2) shall include all non-exempt property (as defined herein) of the Debtor(s) or of the estate. All property acquired by the Debtor(s) after the petition is filed shall remain property of the estate until abandoned.

**C.** The Debtor(s) have a duty to disclose all additions to property of the estate with a value in excess of $500 and all increases in income in excess of ten (10) percent. All such disclosures shall be filed within fourteen days of the acquisition of such property or property rights or such increase in income.

**D.** The Debtor(s) shall make sufficient estimated tax payments and/or have sufficient amounts withheld to satisfy all post-petition tax liabilities. The Debtor(s) shall file with the Court or provide to the Trustee a copy of the Debtor(s)' federal and state tax returns at the same time as filed, but in any event no later than May 1, for each year the case is pending unless the Trustee agrees in writing to an extension. Where requested by a party in interest, the Debtor(s) shall have complied with 11 U.S.C.§521(f)(4) if the Debtor(s) file the required statements within fourteen (14) days of such request. Notwithstanding the obligation of the Debtor(s) to pay all taxes that become payable to a governmental unit while the case is pending, if the Debtor(s) or either of them incur taxes that become

9

payable to a governmental unit while the case is pending then the governmental unit may file a claim for such taxes and such claim shall be allowed and paid pursuant to Class V. The Section 1305 claim of the Internal Revenue Service or other governmental unit for taxes will be paid in full and the Internal Revenue Service or other governmental unit has the right to setoff any post-petition tax overpayments against any post-petition tax liabilities.

E.   The Debtor(s) may obtain credit consistent with 11 U.S.C. §364. The Debtor(s) may not incur any debts except: 1) debts such as for emergency medical or hospital care where prior approval of the Trustee is not practicable; or 2) consumer debts for property or services necessary for the Debtor(s)' performance under the plan where prior approval of the Trustee is practicable and is obtained. Any debts incurred with the approval of the Trustee are not allowable as an administrative expense under 11 U.S.C. §503(b)(1).

F.   The Debtor(s) may seek authority from the Court pursuant to 11 U.S.C. §363 to use, sell, assign or transfer property of the estate for a fair and reasonable value upon notice and opportunity for hearing provided that personally identifiable information is protected as required by 11 U.S.C. §363 and further that all professionals are employed by the Court. For any and all sales the non-exempt proceeds shall be turned over to the Trustee. For any sales of exempt property that are not included as additional plan payments pursuant to Section 2, Paragraph B, Subparagraph a, the Debtor(s) shall segregate such exempt funds and keep such funds segregated until the Notice of Completion is filed.

**SECTION 5.  Classification and Treatment of Claims (11 U.S.C. §§1322 and 1325).**

**CLASS I: Claims provided for under 11 U.S.C. §1325(a)(5).**

Class I Claims are the debts of creditors who possess a security interest in property where such claim(s) shall be fully satisfied through distributions from the Trustee, payments from co-obligors other than the Debtor(s) and/or surrender of collateral. All debts provided for in Class I shall be discharged upon entry of a discharge under Title 11 unless such creditor obtains an Order Denying the Dischargeability of its debt(s). The holder(s) of a Class I claims shall retain their liens securing any such claims until the earlier of the payment of the underlying debt determined under applicable non-bankruptcy law or the entry of a discharge under 11 U.S.C. §1328 and such holders shall be deemed to be adequately protected by the distributions set forth on the Summary of Plan while the case is pending. If the case is dismissed or converted without completion of the plan, such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law. Distributions to creditors as set forth on the Summary of Plan shall be reduced by the amounts paid for adequate protection to the creditor(s) pursuant to any Order for Adequate Protection.

A creditor may not seek to alter its Allowed Class I Secured Claim once established. Allowed Class I Secured Claims may not be amended after the last date to file a claim pursuant to F.R.B.P. 3002(c) to increase the unsecured portion of such claim by also reducing the secured portion of the claim. Any Creditor whose debt is provided for under this Class I which does not hold an Allowed Claim, whether because such claim was disallowed or was never filed, shall be deemed to have waived its right to payment of the greater of the amounts disallowed or the total of all amounts contractually due prior to the date of filing of the Notice of Completion of Plan

10

Payments, the date of Conversion to Chapter 7 or the date of dismissal of the case. Upon entry of an unconditional order granting relief from the stay as to property secured by a Class I claim, the Trustee shall cease disbursements on any Class I claim.

**Class I.A. claims shall receive distributions from the Trustee to satisfy their claims.**

Class I.A. claims shall be paid deferred cash payments equal to the value of the Allowed Class I.A. Secured Claim (see Section 1, Paragraph X.a.) through interest which shall begin to accrue upon confirmation of the plan. The Trustee shall pay from plan payments received by the Debtor(s) the Allowed Class I.A. Secured Claim and may decrease the equal monthly amount of the payment in order to pay the value of the Allowed Class I.A. Secured Claim over the expected term of the plan. Creditors who file claims and whose claim(s) are provided for under Class I.A. shall release their lien(s) upon entry of a discharge under 11 U.S.C. §1328(a).

**CLASS I.B. Secured claims on property which the Debtor(s) shall retain but for which payment will be made by an entity other than the Debtor(s).**

Class I.B. Claims shall receive payment from an entity other than the Debtor or the Estate. The Automatic Stay shall be modified to permit the creditor to take any action to control the property upon the later of 1) confirmation of plan, and, 2) the filing of a Proof of Claim. The Trustee may pursue an avoidance action against the creditor notwithstanding that the stay has been modified. The Co-Debtor stay shall be modified to permit the creditor to pursue any action against any co-debtor(s) upon the later of 1) confirmation of the plan, and, 2) default in the payments due such creditor under applicable non-bankruptcy law. Any co-owner(s), owner(s) and/or person(s) in possession of the collateral securing an Allowed Class I.B. Secured Claim (See Section 1, Paragraph X.a.) shall be permitted to retain the collateral provided such co-owner(s), owner(s) and/or person(s) in possession comply with the contractual obligations to the creditor(s). Where there is a non-debtor co-obligor, the Allowed Class I.B. Secured Claim(s) of the creditor(s) shall be satisfied by the security interest in the property and/or payment from the co-owner(s), owner(s) and/or person(s) in possession and the Trustee shall make no distribution on any Allowed Class I.B. Secured Claim. The holders of debts provided for under this Class I.B. shall retain their liens until terminated under applicable non-bankruptcy law. Any *ipso facto* provision of any contract that declares a default based upon the filing of a bankruptcy case or confirmation of a Chapter 13 Plan is not enforceable.

**CLASS I.C. Secured claims which will not receive a distribution.**

Class I.C. Claims shall be all claims provided for in said Class by the Summary of Plan or any Allowed Class I Secured Claim where the creditor asserts an interest in property and such claim is not provided for elsewhere in Classes I, II, III, IV, V or VI. Any property which has been scheduled by the Debtor(s) and is claimed as collateral by any creditor in its Allowed Class I.C. Secured Claim (See Section 1, Paragraph X.a.) shall be surrendered in satisfaction of the Allowed Class I.C. Secured Claim. All property proposed to be surrendered shall continue to be subject to any avoidance powers of the Trustee until abandoned. No sooner than 30 days after entry of the confirmation order and after notice to the Trustee and to the Creditor, the Debtor(s) may have an unrelated third party store any property proposed to be surrendered and the creditor shall be responsible for all charges. Any co-owner(s), owner(s) and/or person(s) in possession of

11

the collateral securing a Class I.C. Claim shall be permitted to retain the collateral provided such co-owner(s), owner(s) and/or person(s) in possession comply with the contractual obligations to the creditor(s). Where there is a non-debtor co-obligor, the Class I.C. allowed secured claim(s) of the creditor(s) shall be satisfied by the security interest in the property and/or payment from the co-owner(s), owner(s) and/or person(s) in possession and the Trustee shall make no distribution on any Class I.C. Claim. The holders of Class I.C. Claims shall retain their liens until terminated under applicable non-bankruptcy law.

**CLASS II: Claims provided for under 11 U.S.C. §1322(b)(5).**

Class II Claims are long term debts for which the default will be cured under Class II.B and/or the payments will be maintained until the filing of the Notice of Completion of Plan Payments. Class II claims are not discharged upon entry of a discharge and creditors holding Class II claims shall retain their liens under applicable non-bankruptcy law except that waiver, estoppel, laches and/or issue preclusion shall apply to the creditor and the debt so that the debt shall be fully reinstated on the filing of the Notice of Completion of Plan Payments. (Creditors should note that the provisions of Section 3, particularly Paragraphs P, R, S and T apply to debts provided for under Class II). Distributions to creditor(s) on their Class II claims as set forth on the Summary of Plan shall be reduced by the amounts paid, if any, to the creditor(s) by the Trustee as provided for in any Order Granting Adequate Protection.

The first continuing payment after the Start Date shall not be due earlier than the 10th day of the beginning month. The Creditor shall be entitled to an Initial Post-Petition Arrearage Claim. Creditors must comply with F.R.C.P. 3001, 3002 and 3002.1. Should the servicing function be transferred the creditor or its servicing agent shall, within 30 days of such transfer, file either a notice of change of address or a transfer of claim (as appropriate) to reflect the address where payments should be made and the account number which identifies such claim to such transferee/servicing agent. The Trustee and the Debtor shall be entitled to rely upon the addresses for mailing payments as represented on claims filed with the Clerk and any payment mailed to such address shall be required to be accepted by such entity. It shall be the duty of such entity to promptly forward such payment to the proper transferee/servicing agent in such a manner as to insure proper credit by the transferee/servicing agent. The Debtor(s) shall be given credit for the payment upon initial receipt at the payment address provided by the claimant.

A creditor who is not a prevailing party to a Motion for Relief From Stay, a Motion to Abandon Property or a Motion for Adequate Protection by reason of said creditor's failure to appear at a duly noticed hearing may not add the attorneys fees and costs to the debt. If such a Motion is withdrawn by the creditor after determining that the Motion lacked evidentiary support then the creditor may not add the attorney's fees and costs to the debt. Any amounts paid the creditor to the Debtor(s), the Debtor(s)' Attorney, and/or the Trustee for improperly filing a Motion for Relief may not be added to the debt. Any Agreed Order on any such Motion shall contain a statement as to the amount of attorney fees and costs to be added to the debt.

Notwithstanding any other provision contained herein, if the Trustee is the disbursing agent for the Class II.A. claim, and, if the Agreed Order on Modification of the Automatic Stay does not grant immediate relief from the stay, then the creditor shall, within twenty-eight (28) days

thereafter, file an amended claim for the post-petition fees and costs associated with such Motion or said fees and costs shall be waived. Upon entry of an unconditional order granting relief from the stay, the Trustee shall cease disbursements on any Class II claim.

## CLASS II.A. Maintenance of Payments.

The Trustee shall pay from plan payments received by the Debtor(s) or the Debtor(s) shall pay directly, as set forth in the Summary of Plan, the allowed Class II.A. claims the continuing payments in the amounts set forth by the creditor during the actual term of the plan. In the absence of the creditor stating such an amount in an allowed claim the creditor shall receive the amount set forth in the Summary of Plan. The Trustee shall designate such payments as "continuing" and the creditor shall apply such payments to the post-petition regular monthly payments. The due date for the first post-petition payment shall be the month number indicated on the Summary of Plan.

If the Summary provides for Trustee distribution, the continuing payments shall be paid by the Trustee until the Trustee files a Notice of Completion of Plan Payments. The Debtor(s) shall be responsible for the continuing payments from the day after the regular monthly payment date occurring in the Ending Month and thereafter.

## CLASS II.B. Curing of the Default(s).

Class II.B. arrearage are the amounts necessary to cure all pre-petition and post-petition defaults of Class II. Claims. The Trustee is authorized to pay the arrearage portion of an allowed Class II. claim and may recalculate the payments set forth in the Summary of Plan. A creditor holding an Allowed Class II. Continuing Claim which claim is provided to be paid by the Trustee shall have an allowed Class II.B. Post-Petition Arrearage Claim equal to the Initial Post-Petition Arrearage Amount (see Section 1, Paragraph X.h.) The Trustee is authorized to pay the Allowed Class II.B. Post-Petition Arrearage Claim whether or not claimed by the creditor and whether or not specifically shown on the Summary of Plan in any monthly amount and at any time prior to completion of the plan.

A creditor whose claim is not subject to the discharge under 11 U.S.C. §1328(a)(1) may receive payment of any assessment, charge, fee or cost allowable and provided for in the contract, which amount is based upon a post-petition default or late payment from the Start Date to the payment due date occurring in the Ending Month only if such creditor files a Notice of Post-petition Mortgage Fees, Expenses and Charges such Notice is not disallowed by the Court. Provided further, that the final such Notice must be filed no later than twenty-eight (28) days after the filing of the Notice of Completion of Plan payments. The amounts claimed by the Creditor in any such Notice are deemed allowed unless objected to and disallowed by the Court. All pre-discharge escrow charges, fees, costs and other charges are waived and the creditor is estopped from claiming a right to payment of the same for all amounts disallowed or not timely claimed in any such Notice pursuant to F.R.C.P. 3002.1.

13

**CLASS III. Claims which shall be paid pursuant to the Summary of Plan.**

Class III claims shall be the claim so designated in the Summary of Plan. The Trustee shall pay Allowed Class III Claims only the amounts stated in the Summary of Plan.

**Class IV. Administrative Expenses and Unsecured Claims.**

Unless a claim is provided for in Classes II or III above, Class IV.A. shall be all approved administrative expenses, Class IV.B. shall be all priority unsecured claims and Class IV.C. shall be all non-priority unsecured claims.

**Class IV.A. Administrative Expenses allowed under 11 U.S.C. §503.**

The Trustee shall pay the Allowed Class IV.A. Administrative Expenses from funds available each month after providing for the distributions due to each Class I, II, III and VI claim. Allowed attorney fees under the plan shall be paid as Class IV.A. claims.

**Class IV.B. Priority Unsecured Claims.**

The Trustee shall pay all Allowed Class IV.B Priority Claims from funds available after full payment of Class IV.A. expenses and after providing for the distributions due to each Class I, II, III and VI claim. Allowed Class IV.B Priority Claims for amounts due and unpaid prior to the Start Date for a Domestic Support Obligation shall be paid prior to other Allowed Class IV.B. Priority Claims.

**Class IV.C. Non-Priority Unsecured Claims.**

The Trustee shall pay to Allowed Class IV.C Non-priority Unsecured Claims their pro-rata percentage of total amount due, if any, to holders of such claims, but in no event shall the Trustee pay more than 100% of each such claim. The total amount due to all Allowed Class IV.C. Non-priority Unsecured Claims shall be determined as of the claims bar date and shall be the greater of: 1) the Chapter 7 Liquidation Amount, the Lanning Amount or the Disposable Income to Unsecured Creditors Amount, as set forth in the Summary of Plan and determined at confirmation; or 2) an amount calculated by adding the total plan payments provided for by Section 1, Paragraphs A and B and subtracting therefrom the total of all sums required to be paid (as provided by this Plan) to all Allowed Claims other than Class IV.C Non-priority Claims. The Trustee shall distribute said total amount to Allowed Class IV.C. Non-priority Unsecured Claims from funds available after full payment of Class IV.A., IV.B. and V Claims and after providing for the distributions due to each month to Class I, II, III and VI Claims.

**CLASS V. Claims allowed under 11 U.S.C. §1305.**

Unless specifically provided for under Class III, Allowed Class V Claims, as allowed under 11 U.S.C. §1305, shall be paid in full by the Trustee after Allowed Class IV.A. Administrative Expenses have been paid in full and prior to payment of Class IV.B.

Case 15-80117    Doc 5    Filed 02/18/15    Entered 02/18/15 13:52:45    Desc Main
Document       Page 14 of 17

**CLASS VI. Executory Contracts. (11 U.S.C. §§365 and 1322(b)(7)).**

If executory contracts are assumed by the Debtor(s) then the provisions contained in the Summary of Plan shall meet the requirements of 11 U.S.C. §365. If payment to any creditor who claims to be party to any executory contract or lease is provided for under Classes I.A. above (including automobile service contracts and/or warranties) then the Debtor(s) assume the executory contract and, where applicable, exercise their purchase option. For executory contracts provided for under Class I.A., payment of all sums due under the executory contract and/or the purchase option shall be deemed to be satisfied and paid upon filing by the Trustee of a Notice of Completion of Plan Payments and the Debtor shall own the property free of any lien or claim of the Creditor/Lessor. If payment to any such creditor is not provided for or provided for under Classes I.B. or I.C above then the Debtor(s) reject the executory contract but the provisions of said Classes I.B or I.C. shall apply to any Co-Obligor(s).

**SECTION 6: Refunds, Distributions and Application of Distributions by Creditors.**

**A. Refunds to Debtors:**

The Trustee may without further order of the Court refund monies to the Debtor(s). The amount of such refund may not exceed the amount by which the Debtor(s) total plan payments received by the Trustee exceed the total amount expected to be received as of the date of the refund and less any previous refunds to the Debtor(s). The Trustee shall refund to the Debtor(s) or to any successor Trustee any amount received by the Trustee after entry of an Order of Conversion. The Trustee shall refund to the Debtor(s) any amounts received by the Trustee after the entry of an Order Dismissing Case. The Trustee may send any refund to the Debtor(s) in care of the Debtor(s)' attorney.

**B. Method of Distribution:**

The Trustee shall make distributions from plan payments:
- a.  First, to Class II.A. claims in the amount of the continuing payments.
- b.  Second, to Class I.A. claims in the amounts provided for in said class.
- c.  Third, to Class III claims in the amounts provided for in said class.
- d.  Fourth, to Class VI claims in the amounts provided for in said class.
- e.  Fifth, to Class II.B. claims in the amounts provided for in said class.
- f.  Sixth, to Class IV.A. expenses until paid in full.
- g.  Seventh, to Class V Claims until paid in full.
- h.  Eighth, to Class IV.B. Domestic Support Obligation claims until paid in full.
- i.  Ninth, to all remaining Class IV.B. claims until paid in full.
- j.  Tenth, to Class IV.C. claims until paid the amounts required under said class.

**C. Special Rules Governing Distributions:**

1.  The Trustee shall pay the monthly payment provided to the claims within each Class. If insufficient funds are available to pay the full monthly payment(s) to all claims within a Class, then the Trustee may hold the funds until such time as a full payment can be made to all claims within the Class, or, in the Trustee's discretion, the Trustee may make full payments to one or more claims within the Class without making full payment to all

15

claims within said Class. For each level set forth in Sub-section B above, the Trustee shall bring the payments current to the distribution date prior to making distributions to lower levels.

2. Where no fixed payments are provided for a Class of Claims the Trustee may make distributions pro-rata based upon the available funds.

3. Where the Plan Payments received by the Trustee are equal to or less than the amount expected to be received as of the distribution date, available funds shall be all available funds excluding funds held for unfiled claims or claims with a pending objection.

4. Where the Plan Payments received by the Trustee are greater than the amount expected to be received as of the distribution date, available funds may be one or more than one full plan payment.

5. Non-exempt funds paid to the Trustee in addition to regular plan payments shall be disbursed to Allowed Class IV. Claims until Allowed Class IV Claims are paid in full. Non-exempt funds may, in the Trustee's discretion, be used to cure the arrearage in payment on any Class I, II, III, IV, V or VI claim.

6. Where the balance due on any claim is less than $1000.00 the Trustee may pay the claim in full prior to making distributions to lower levels even where a fixed payment is otherwise provided for in the Summary of Plan for said claim.

7. Where twelve or fewer months remain in the plan term the Trustee may fully pay any claim in the Trustee's discretion prior to payments on any other claim.

8. In no event shall the Trustee be required to recoup payments made to creditors in a manner inconsistent with this disbursement scheme.

**D. Allocation/Application of Distributions by Creditors.**

1. All creditors shall allocate or apply that portion of each distribution received in the manner designated by the Trustee on each check.

2. The Trustee may utilize the following designations on checks:
   a. Class I – Secured
   b. Class II.A. – Continuing
   c. Class II.B. (pre-petition arrears) – Secured Arrears
   d. Class II.B. (post-petition arrears) – Continuing or Continuing Arrears
   e. Class III. (secured) – Secured
   f. Class III. (unsecured) – Unsecured or "U 9"
   g. Class IV.A. – Legal
   h. Class IV.B. – Priority or DSO
   i. Class IV.C. – Unsecured

3. If for any reason the Trustee has mis-identified funds previously disbursed, the Trustee shall advise the Creditor in writing that amounts previously designated in one manner are to be re-allocated by the Creditor. The Debtor(s) and the Debtor(s)' Attorney shall receive copies of any such notices.

Case 15-80117    Doc 5    Filed 02/18/15    Entered 02/18/15 13:52:45    Desc Main
Document    Page 16 of 17

Dated: _____     /s/ _____

Form: Chapter 13 Plan 07-01-2011

Case 15-80117    Doc 5    Filed 02/18/15    Entered 02/18/15 13:52:45    Desc Main
Document    Page 17 of 17